IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MERRILL PRIMACK, on behalf of plaintiff and the class defined below, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| LIFE PROTECT 24/7, INC., and JOHN DOES 1-10, | ) ) ) ) |
| Defendants. | ) |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff Merrill Primack brings this action to secure redress from unlawful practices engaged in by defendant Life Protect 24/7, Inc. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA") and the Illinois Consumer Fraud Act ("ICFA").

2. The TCPA restricts the use of automated equipment to dial cellular telephones.

### VENUE AND JURISDICTION

3. This Court has jurisdiction under 28 U.S.C. §§1331 (federal question), 1337 (commerce), and 1367 (supplemental jurisdiction).

4. Venue and personal jurisdiction in this District are proper because:

    a. Defendant's communications were received by plaintiff in this District;

    b. Defendant transacts business within this District.

### PARTIES

5. Plaintiff Merrill Primack is an individual who resides in the Northern District of Illinois.

6. Defendant Life Protect 24/7, Inc., is a Virginia corporation with its principal office located at 3509 Virginia Beach, Virginia 23452. Its registered agent and office is Mark E.

1

Slaughter, 222 Central Park Avenue, Suite 1500, Virginia Beach, Virginia 23462.

7. Defendant Does 1-10 are other persons responsible for the calls detailed below.

## FACTS

8. On April 8, 2016, plaintiff received a two telephone calls on his cell phone from 800-808-7388.

9. Defendant Life Protect 24/7, Inc. offers medical alert systems and monitoring programs. *See* http://www.lifeprotect24-7.com/

10. Life Protect 24/7, Inc., placed the phone call to plaintiff's cell phone.

11. On information and belief, the calls were placed using a automated or predictive dialer. Predictive dialers are computer or software that automatically place calls without human intervention until a connection is made. The software then analyses incoming audio in order to "predict" when a live human has answered the call.

12. When plaintiff answered the calls, he was greeted with "dead air." This is a common feature of a predictive dialer – sometimes a call is placed by the device when no one is available to take the call if it is answered.

13. Plaintiff did not authorize the automated placement of calls to his cell phone.

14. Plaintiff may have received other automated calls from the same source.

15. Plaintiff did not furnish his cell phone number to defendants.

16. Plaintiff and each class member is entitled to statutory damages.

17. Defendants violated the TCPA even if its actions were only negligent.

18. Defendants should be enjoined from committing similar violations in the future.

## COUNT I – TCPA

19. Plaintiff incorporates paragraphs 1-18.

20. The TCPA, 47 U.S.C. §227, provides:

> § 227. Restrictions on use of telephone equipment
>
> . . . (b) Restrictions on use of automated telephone equipment.

>**(1) Prohibitions.** It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States–
>
>>**(A)** to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice–
>>
>>>**(iii)** to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call; . . .

21. The TCPA, 47 U.S.C. §227(b)(3), further provides:

>**Private right of action.**
>
>A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–
>
>>**(A)** an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>>
>>**(B)** an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>>
>>**(C)** both such actions.
>
>If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.

22. Defendants violated the TCPA by placing automated calls to plaintiff's cell phone.

## CLASS ALLEGATIONS

23. Plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), and on or before a date 20 days following the filing of this action, (c) received calls from defendant on their cell phones, (d) placed using an automated dialer or a prerecorded or artificial voice.

24. The class is so numerous that joinder of all members is impractical. Plaintiff

3

alleges on information and belief that there are more than 40 members of the class.

25. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether defendants engaged in a pattern of using automated equipment to place calls to cellular telephones;

    b. The manner in which defendants obtained the cell phone numbers; and

    c. Whether defendants thereby violated the TCPA.

26. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel has any interests which might cause them not to vigorously pursue this action.

27. A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

28. Several courts have certified class actions under the TCPA: *Meyer v. Portfolio Recovery Associates, LLC,* 707 F.3d 1036 (9th Cir. 2012); *Manno v. Healthcare Revenue Recovery Group, LLC*, 289 F.R.D. 674 (S.D.Fla. 2013); *Mitchem v Illinois Collection Serv.*, 271 F.R.D. 617 (N.D.Ill. 2011); *Balbarin v. North Star Capital Acquisition, LLC,*, 10 C 1846, 2011 U.S. Dist. LEXIS 686 (N.D. Ill., Jan. 5, 2011), later opinion, 2011 U.S. Dist. LEXIS 5763 (N.D.Ill., Jan. 21, 2011), later opinion, 2011 U.S. Dist. LEXIS 58761 (N.D. Ill., June 1, 2011); *Lo v. Oxnard European Motors, LLC*, 11CV1009 JLS (MDD), 2012 U.S. Dist. LEXIS 73983 (S.D.Cal., May 29, 2012); *Sadowski v. Med1 Online, LLC,* 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); *CE Design Ltd. v Cy's Crabhouse North, Inc.*, 259 F.R.D. 135 (N.D.Ill. 2009); *Targin Sign Sys. v Preferred Chiropractic Ctr., Ltd.*, 679 F. Supp. 2d 894

(N.D.Ill. 2010); *Garrett v. Ragle Dental Lab, Inc.,* 10 C 1315, 2010 U.S. Dist. LEXIS 108339, 2010 WL 4074379 (N.D.Ill., Oct. 12, 2010); *Hinman v. M & M Rental Ctr.,* 545 F.Supp. 2d 802 (N.D.Ill. 2008); *Clearbrook v. Rooflifters, LLC*, 08 C 3276, 2010 U.S. Dist. LEXIS 72902 (N.D. Ill. July 20, 2010) (Cox, M.J.); *G.M. Sign, Inc. v. Group C Communs., Inc.*, 08 C 4521, 2010 U.S. Dist. LEXIS 17843 (N.D. Ill. Feb. 25, 2010); *Holtzman v. Turza*, 08 C 2014, 2009 U.S. Dist. LEXIS 95620 (N.D.Ill., Oct. 14, 2009); *Kavu, Inc. v. Omnipak Corp.,* 246 F.R.D. 642 (W.D.Wash. 2007); *Display South, Inc. v. Express Computer Supply, Inc.,* 961 So.2d 451, 455 (La. App. 1st Cir. 2007); *Display South, Inc. v. Graphics House Sports Promotions, Inc.*, 992 So. 2d 510 (La. App. 1st Cir. 2008); *Lampkin v. GGH, Inc.*, 146 P.3d 847 (Ok. App. 2006); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*, 203 Ariz. (App.) 94, 50 P.3d 844 (2002); *Core Funding Group, LLC v. Young*, 792 N.E.2d 547 (Ind.App. 2003); *Critchfield Physical Therapy v. Taranto Group, Inc.*, 293 Kan. 285; 263 P.3d 767 (2011); *Karen S. Little, L.L.C. v. Drury Inns. Inc.,* 306 S.W.3d 577 (Mo. App. 2010); *Travel 100 Group, Inc. v. Empire Cooler Service, Inc.,* 03 CH 14510 (Cook Co. Cir. Ct., Oct. 19, 2004); *Rawson v. C.P. Partners LLC*, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); *Nicholson v. Hooters of Augusta, Inc.*, 245 Ga.App. 363, 537 S.E.2d 468 (2000).

29. Management of this class action is likely to present significantly fewer difficulties than those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

    a. Statutory damages;

    b. An injunction against the further violations;

    c. Costs of suit; and

    d. Such other or further relief as the Court deems just and proper.

### COUNT II – ILLINOIS CONSUMER FRAUD ACT

30. Plaintiff incorporates paragraphs 1-18.

31. Defendants engaged in unfair acts and practices, in violation of ICFA § 2, 815 ILCS 505/2, by making an unauthorized robocall to plaintiff's cell phone.

32. Defendant's conduct is contrary to public policy, as set forth in the TCPA.

33. Plaintiff suffered damages as a result of receipt of the call.

34. Defendants engaged in such conduct in the course of trade and commerce.

35. Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

36. Plaintiff brings this claim on behalf of a class, consisting of (a) all persons with phone numbers in the Illinois area codes (b) who, on or after a date three years prior to the filing of this action, and on or before a date 20 days following the filing of this action, (c) received calls from defendant on their cell phones, (d) placed using an automated dialer or a prerecorded or artificial voice.

37. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

38. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

   a. Whether defendants engaged in a pattern of making or causing to be made telemarketing calls using a prerecorded or artificial voice;

   b. The manner in which defendants compiled or obtained their list of telephone numbers;

   c. Whether defendants obtained the consent of the called parties; and

   d. Whether defendants thereby violated the TCPA and ICFA.

39. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel has any interests which might cause them not

to vigorously pursue this action.

40. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

41. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

42. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

    a. Statutory damages;

    b. An injunction against further violations;

    c. Costs of suit;

    d. Such other or further relief as the Court deems just and proper.

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Dulijaza Clark
EDELMAN, COMBS, LATTURNER
& GOODWIN, L.L.C.
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX) (may use for service of pleadings)
Email address for service: courtecl@edcombs.com

05/16/2016  09:13  7739750145                THE UPS STORE                                PAGE  02/02

## VERIFICATION

The undersigned declare under penalty of perjury, as provided for by 28 U.S.C. §1746, that the facts stated in the foregoing complaint are true to the best of the undersigned's knowledge and belief.

*Merrill Primack*

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Dulijaza Clark
EDELMAN, COMBS, LATTURNER
& GOODWIN, L.L.C.
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX) (may use for service of pleadings)
Email address for service: courtecl@edcombs.com